# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

TRAVIS THURSTON,

    Petitioner,

v.                                         CASE NO. 4:23cv399-RH-MAF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## ORDER HOLDING THE PETITION TIMELY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 28, and the objections, ECF No. 29. I have reviewed de novo the issues raised by the objections.

The report and recommendation concludes the petition is untimely. This order rejects that conclusion, holds the petition timely, and remands the petition to the magistrate judge for further processing.

At the relevant times, the petitioner Travis Thurston was an inmate in the Florida Department of Corrections. He was held at the Moore Haven Correctional

Case No. 4:23cv399-RH-MAF

Facility ("MHCF"). The critical issue is whether Mr. Thurston delivered the petition to an MHCF representative for mailing on February 2, 2023, as Mr. Thurston asserts, or not until September 1, 2023, as the report and recommendation concludes. If the former, the petition is timely. If the latter, the petition is untimely.

The petition bears this stamp: "Provided to MHCF on 2/2/23 for Mailing," followed on the next line by the title of the person apparently responsible for affixing the stamp, "Institutional Representative." ECF No. 1 at 1. It is undisputed that the stamp is authentic and was affixed by the appropriate institutional representative on February 2, 2023.

The petition did not make it to the court. Having heard nothing in response to the petition by August, Mr. Thurston followed up, learned the court had not received the petition, and promptly sent in a copy for filing. His cover letter was dated August 30, 2023, was stamped by the institutional representative as received for mailing on September 1, 2023, and was received by the clerk and docketed on September 11, 2023.

The petition was timely if provided to the institutional representative for mailing on February 2, 2023, as the stamp says. To its credit, the respondent Department of Corrections acknowledges it cannot overcome the presumption that Mr. Thurston delivered the petition to the institutional representative on that date. But the report and recommendation speculates that Mr. Thurston might have taken

the petition to the representative on February 2, had it stamped, forgotten an envelope or decided not to mail it for some unexplained reason, taken it back, held onto it for more than six months until it became untimely, made a phony inquiry to the clerk, and only then mailed it in. This makes little sense.

The most likely explanation is that Mr. Thurston provided the petition to the institutional representative for mailing, it was stamped, and it didn't make it to the docket, having gone missing either at the facility, in the mail, or (less likely) at the court. Nothing about Mr. Thurston's position is illogical or strained; the undeniable fact is that mail sometimes goes astray.

To be sure, the institutional representative says that although the institution does not maintain a mail log, it does retain copies of envelopes "stamped with the DOC mail stamp" for use "should there be any dispute when the item was submitted in the U.S. Mail." ECF No. 26-1 at 3. But the record casts doubt on whether this is always done. The record includes copies of envelopes received by the clerk in this case that have *undated* institutional stamps, suggesting it is unlikely the institution retains copies for use in resolving disputes about mailing dates. *See* ECF No. 12 at 4; ECF No. 29 at 14. In any event, if the institution keeps a copy for every piece of legal mail, there must be many thousands; nothing suggests the institutional representative has gone through all the copies in search of this one.

There is much that is illogical and strained about the position that the petition was not mailed in until September. Why would Mr. Thurston write the petition and get it stamped in February but not mail it? Why would he let the statute of limitations expire, make a phony inquiry, and only then mail in the petition? Why would the institutional representative stamp the petition but give it back? The representative's statement that she "may" stamp a petition for an inmate who "forgot to include an envelope" seems a poor practice and in any event hardly qualifies as testimony that that happened here.

This case is substantially different from *Jeffries v. United States*, 748 F.3d 1310 (11th Cir. 2014). There a defendant filed a timely 28 U.S.C. § 2255 motion. The issue was whether a supplement raising new claims was timely. The defendant asserted, without support from a time stamp, that he provided the supplement to an institutional representative on a date shown on a certificate of service. The certificate departed from the practice the defendant had followed on the original motion, and he did not attempt to mail the supplement by certified mail as he had done on the original motion. The defendant submitted a later filing that one would have expected to refer to the supplement had it been submitted when the defendant claimed, but the filing did not mention the supplement, supporting an inference that the supplement had not existed when the defendant claimed it was provided for mailing. After an evidentiary hearing, the court found the defendant's

testimony on the critical date not credible. None of these circumstances is present here.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is rejected. The petition is held timely.

2. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 4, 2025.

                                        s/Robert L. Hinkle
                                        United States District Judge